*485
 
 Battle, J.
 

 By an interlocutory decree made in this cause at August Term, 1854, it was referred to the clerk to make certain enquiries, and state certain accounts; which dnty he has performed ; and it comes on now upon a motion for further directions upon his report and exceptions, filed, thereto by the defendants Hilliard and Shemuel Kearney..
 

 1. The first exception is, that tl\e-cferk has. refused to allow, as credits to Kearney the traste©)., the payments made by him for medical services rendered-; to- the slaves, while they were in the possession of Mrs.. Sparkes, and for the payment of the taxes and other expenses of the said slaves during that time. This exception is overruled. He- is not charged for the hires or profits of the- slaves during that period; and if he permitted the widow of his grantor in trust to keep them, he ought to have made her pay their exjrenses while she was using- them for her own benefit.
 

 2. The second exception., that the clerk has charged Kear-ney with- the- hires of three of the slaves, to wit, Iiardy, Henderson and. Stephen, while they were learning their trade, and also- with their full value, upon the sale of them made after-wards, is also overruled. As trustee to sell the property for the payment of debts, it was no part of his duty to have the slaves instructed in. trades. There is no testimony to show that either of the said slaves, except Hardy, was increased in value by these means; and if the value of Hardy were increased, the benefit must accrue to the
 
 cestui que trusts,
 
 and not to the trustee.
 

 3. The third exception is sustained. The personal property was the primary fund for the payment of the debts, unless the trustee, in the exercise of the discretion entrusted to him, thought proper to sell the lands for the payment of the debts mentioned in the deed in trust. Not having done so, the land, and the rent as an incident to it, belong to the heirs-at-law, instead of the next of kin, and in this case they are not the same persons. For a similar reason, the damages recovered for a breach of the covenant of warranty which occurred after the death of the grantor in trust, must belong to the
 
 *486
 
 beirs. If there had been no trust, the land of the ancestor would have descended to his heirs, and, of course, they would have sued on the warranty, and taken the damages. So, tire recovery by the trustee must be for their use after the purposes of the trust have been otherwise satisfied.
 

 6. The sixth exception will be considered here, as it depends on the third which we have just decided ; and that decision makes it necessary that it should be sustained. As the next of kin, and the heirs-at-law of Stephen Sparkes, are not the same persons, there must, of course, be a report to show what is due to the one class of persons, and what to the other.
 

 4. The fourth exception is overruled ; because the testimony does not show that the defendants are entitled to anything for the support and the burial expenses of the slave Isaac. One of the witnesses, Mr. Person, states that while Isaac lived with Mrs Sparkes, he was worth $26 or $80 per annum; but he knows nothing of him afterwards. Mr. Perry says that he was not worth anything; but no witness states that he was an expense.
 

 5. The fifth exception is sustained; and for the reason which is assigned in it. The girl slaves, Candice and Minerva, have been claimed by another person, and a suit has been instituted, and is now pending for them. If recovered, their hires may possibly be claimed and recovered also by the same person. It was wrong, therefore, to chaige the hires at present against the administrator, in favor of the next of kin.
 

 7. The seventh exception is overruled. It is not founded on the ground that the clerk fixed the charge for keeping the slaves Piety and her children, and Betty and her children, at the sums which he reports, without evidence. It is that he fixed it too low. There is no testimony before us to show that it ought to be higher, and we cannot correct the clerk’s estimate, without some means of ascertaining what the true charge ought to be.
 

 It must be referred to the clerk to correct his report in the
 
 *487
 
 particulars mentioned, and the cause is retained for further directions.
 

 Per GuriaM. Decree accordingly.